UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04  10261 REK

| | |
|---|---|
| GUCCI AMERICA, INC.,<br>MAGISTRATE JUDGE _____<br>Plaintiff,<br><br>v.<br><br>PURSEPERFECT.COM, VALERIE K. OLSHEWSKY<br>NADIA'S CLOSET, LTD. AND<br>VARIOUS JOHN DOES,<br><br>Defendants. | Case No.:<br><br>RECEIPT # 53641<br>AMOUNT $ 150<br>SUMMONS ISSUED yes<br>LOCAL RULE 4.1 ____<br>WAIVER FORM ____<br>MCF ISSUED ____<br>BY DPTY. CLK. ____<br>DATE 2/9/04 |

## COMPLAINT

Plaintiff, Gucci America, Inc. ("Plaintiff" or "Gucci"), complaining of defendants, Purseperfect.com, Valerie K. Olshewsky and Nadia's Closet, Ltd. (collectively referred to as "Defendants"), alleges as follows:

### STATEMENT OF THE CASE

1. This is an action for injunctive relief and profits under the Lanham Act based on Defendants' sale and offering for sale of counterfeit Gucci products.

### JURISDICTION AND VENUE

2. This claim arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action which relate to trademark counterfeiting and infringement, dilution and false designations of origin and false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1392(a).

4. This Court has personal jurisdiction over the Defendants under the provisions of Mass. Gen. L. c.223A, § 3, in that Defendants are transacting business within the Commonwealth and are contracting to supply services or things in this Commonwealth.

## THE PARTIES

5. Gucci America, Inc. ("Gucci") is a corporation organized and existing under the laws of New York, with its principal place of business in New York, New York, and is the sole and exclusive distributor in the United States of items bearing the Gucci trademarks on leather goods, clothing, jewelry, accessories, home products, and related items.

6. The defendant Purseperfect.com is a website engaged in the sale of counterfeit products with a usual place of business at 6033 North Sheridan, Apt. 40-K, Chicago, Illinois 60660.

7. The defendant Valerie K. Olshewsky is an individual who owns and operates the website Purseperfect.com from her residence at 6033 North Sheridan, Apt. 40-K, Chicago, Illinois 60660.

8. The defendant Nadia's Closet, Ltd. is a corporation organized under the laws of the State of Illinois with a usual place of business at 6033 North Sheridan, Apt. 40-K, Chicago, Illinois 60660.

9. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto Defendants are and have been doing business in this judicial district and elsewhere and have sold and distributed merchandise wrongfully bearing counterfeits of Plaintiff's trademarks. Defendants are advertising, distributing, offering for sale, and selling thousands of items of merchandise wrongfully bearing counterfeits of Plaintiff's trademarks to persons located within this judicial district and elsewhere.

10. Upon information and belief, due to the nature of the Defendants and their business practices, the identity of the various John Does is not presently known, and the

Complaint herein will be amended, if appropriate, to include the name or names of said individuals when such information becomes available.

## PLAINTIFF'S TRADEMARKS

11. Gucci America, Inc. owns the trademarks and trade name "Gucci" and related trademarks (hereinafter collectively referred to as the "Gucci Trademarks"). Gucci markets high-quality products bearing the Gucci Trademarks and Gucci is the exclusive distributor in the United States of Gucci products, all of which bear one or more of the Gucci Trademarks.

12. The trademarks owned by Gucci are world-renowned and signify to customers the identity and quality of the product. The Gucci Trademarks are used extensively in advertising and contribute to Gucci's overall success in the marketplace.

13. Commencing at least as early as the 1960's, Gucci adopted one or more of the Gucci Trademarks for handbags, luggage, accessories and related products and caused said trademarks to be registered in the United States Patent and Trademark Office.

14. Gucci is the owner of all rights in and to numerous Gucci Trademarks including, but not limited to, the Gucci Trademarks that are the subject of the following trademark registrations:

| Mark | Registration / Serial No. | Date of Registration |
|---|---|---|
| GUCCI | 876,292 | 09/09/69 |
| NON-INTERLOCKING GG MONOGRAM | 1,107,311 | 11/28/78 |
| GUCCI CREST | 1,097,483 | 07/25/78 |
| GREEN-RED-GREEN STRIPE | 1,122,780 | 07/24/79 |
| REPEATING GG DESIGN | 1,216,708 | 11/16/82 |
| SQUARE G | 2,042,805 | 03/11/97 |

15. The Gucci Trademarks are in full force and effect. The Gucci Trademarks and the goodwill of Plaintiff's businesses in connection with which the Trademarks are used have never been abandoned. Plaintiff intends to continue to preserve and maintain its rights with respect to the Gucci Trademarks.

16. Plaintiff's services and products utilizing and/or bearing one or more of the Gucci Trademarks, by reason of their style, distinctive designs and quality have come to be known by the purchasing public throughout the United States as being of the highest quality. As a result thereof, the Gucci Trademarks and the goodwill associated therewith are of inestimable value to Plaintiff.

17. Based on the extensive sales of Plaintiff's products and their wide popularity, the Gucci Trademarks have developed a secondary meaning and significance in the minds of the purchasing public, and the products utilizing and/or bearing such marks and names are immediately identified by the purchasing public as being those of the Plaintiff.

18. The Gucci trademarks are vital to Plaintiff and Plaintiff will suffer irreparable harm if any third parties, including defendants herein, are allowed to continue engaging in services and selling infringing goods utilizing and/or bearing identical or substantially similar trademarks.

## DEFENDANTS' INFRINGING ACTIVITIES

19. Defendants have infringed and threaten to further infringe Plaintiff's Gucci Trademarks by advertising, distributing, selling and/or offering for sale unauthorized merchandise, including but not limited to handbags and wallets.

20. Long after Plaintiff's adoption and use of its Gucci Trademarks on handbags, luggage, accessories and other related products, and long after Plaintiff's federal registration of its trademarks, Defendants commenced the distribution, advertisement, offer for sale, and/or sale of handbags and other merchandise bearing counterfeits and infringements of the Gucci Trademarks as those trademarks appear on Plaintiff's products.

21. Defendants are distributing, offering for sale, and selling their unauthorized products to numerous buyers throughout the United States, including buyers located within the Commonwealth of Massachusetts. Copies of pertinent pages from the Defendants' website www.purseperfect.com are attached hereto as Exhibit A. Defendants have obtained revenue from the sale of counterfeit Gucci products to parties in the Commonwealth of Massachusetts and elsewhere.

22. Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of the Gucci Trademarks; are in total disregard of the Plaintiff's rights; and were commenced and have continued in spite of Defendants' knowledge that the use of any Gucci Trademarks, or a copy or colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

23. The Defendants' unauthorized use of Gucci Trademarks has been without Plaintiff's consent, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the goods sold by Defendants are authorized, sponsored, or approved by Plaintiff when, in fact, they are not.

### FIRST CLAIM FOR RELIEF
**Trademark Counterfeiting**
**15 U.S.C. § 1114**

24. Plaintiff incorporates all prior allegations as if set forth fully herein.

25. Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the Gucci Trademarks on goods covered by registrations for these trademarks.

26. Defendants have intentionally and willfully used these spurious designations knowing they are counterfeit in connection with the advertising, sale, offering for sale and distribution of goods for their own personal financial gain, and such intentional and willful conduct by the Defendants makes this an exceptional case.

27. Defendants' use of the Gucci Trademarks to advertise, offer for sale, sell and distribute Defendants' counterfeit products was and is without the consent of Plaintiff.

28. Defendants' unauthorized use of Plaintiff's Trademarks on and in connection with the advertising and sale of counterfeit goods constitutes Defendants' use of Plaintiff's registered Gucci Trademarks in commerce.

29. Defendants' unauthorized use of the Plaintiff's Trademarks as set forth above is likely to:

   (a) cause confusion, mistake and deception;

   (b) cause the public to believe that Defendants' counterfeit products are authorized, sponsored or approved by Plaintiff or that Defendants are affiliated, connected or associated with or in some way related to Plaintiff;

   (c) result in Defendants unfairly benefiting from Plaintiff's good will and reputation, to the substantial and irreparable injury of the public, Plaintiff and Plaintiff's Trademarks and the substantial goodwill represented thereby.

30. Defendants' acts as aforesaid constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined.

32. Defendants' wrongful acts of counterfeiting will continue unless enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement**
**15 U.S.C. § 1114**

33. Plaintiff incorporates all prior allegations as if set forth fully herein.

34. Plaintiff's registered Gucci Trademarks are fanciful and arbitrary and are associated in the mind of the public with Plaintiff.

35. Based on Plaintiff's extensive advertising, sales, and the wide popularity of Plaintiff's products, the Gucci Trademarks have acquired secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product of and affiliated with Plaintiff.

36. Defendants use the Gucci Trademarks in connection with Defendants' sale, distribution and advertising of their counterfeit goods.

37. Defendants' activities as set forth herein constitute Defendants' use in commerce of the Gucci Trademarks.

38. Defendants have used Plaintiff's registered Gucci Trademarks without Plaintiff's consent or authorization. Defendants' use, including the sale and distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendants' products emanate or originate from Plaintiff, or that Plaintiff has approved, sponsored or otherwise associated itself with Defendants, which is untrue.

39. Defendants have intentionally used the Gucci Trademarks knowing they are the exclusive property of Plaintiff in connection with the offering for sale, sale and distribution of counterfeit goods.

40. Defendants' conduct is intended to exploit the goodwill and reputation associated with Plaintiff's registered Gucci Trademarks.

41. Plaintiff has no control over the quality of Defendants' counterfeit merchandise. Because of the very real likelihood of confusion as to the source of Defendants' products, Plaintiff's reputation and valuable goodwill in its trademarks have been damaged by Defendants' unscrupulous tactics.

42. Defendants' activities as aforesaid creates the false and misleading impression that Defendants are sanctioned, assigned or authorized by Plaintiff to use Plaintiff's Trademarks to advertise, manufacture, distribute, appraise, offer for sale or sell counterfeit products bearing the Gucci Trademarks when Defendants are not so authorized.

43. Defendants engage in the aforementioned activity with the intent to confuse and deceive consumers into believing that Defendants and the goods they sell are in some way sponsored by, affiliated or associated with Plaintiff when the Defendants are not.

44. Defendants' unauthorized use of the Gucci Trademarks as set forth above has resulted in Defendants unfairly benefiting from Plaintiff's advertising and promotion, and profiting from Plaintiff's reputation and its registered Gucci Trademarks, to the substantial and irreparable injury of the public, Plaintiff, the Gucci Trademarks and the substantial goodwill represented thereby.

45. Defendants' aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

46. Defendants' acts have caused, and will continue to cause, great and irreparable injury to Plaintiff, and unless such acts are restrained by this Court, they will be continued, thereby causing Plaintiff to continue to suffer great and irreparable injury. Plaintiff has no adequate remedy at law.

47. Plaintiff is informed and believes and thereupon alleges that Defendants' infringement is both intentional and willful.

48. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

### THIRD CLAIM FOR RELIEF
**False Designations of Origin, False Descriptions and Representations**
**15 U.S.C. § 1125(a)**

49. Plaintiff incorporates all prior allegations as if set forth fully herein.

50. Defendants have, in connection with their goods, used in commerce, and continue to use in commerce, Plaintiff's Gucci Trademarks.

51. Defendants have affixed, applied and used in connection with their sale of goods, false designations of origin and false and misleading descriptions and representations, including

the Gucci Trademarks, which tend falsely to describe the origin, sponsorship, association or approval by Plaintiff of the goods sold by the Defendants.

52. Defendants use one or more of the Gucci Trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiff.

53. Defendants' use of the Gucci Trademarks on the counterfeit goods constitutes false descriptions and representations tending to falsely describe or represent Defendants and Defendants' products as being authorized, sponsored, affiliated or associated with Plaintiff.

54. Defendants use one or more of the Gucci Trademarks on counterfeit goods with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Plaintiff and to improperly appropriate to themselves the valuable trademark rights of Plaintiff.

55. Defendants' aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendants' products as those of Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. Defendants' wrongful acts will continue unless enjoined by this Court.

57. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

### FOURTH CLAIM FOR RELIEF
**Federal Trademark Dilution**
**15 U.S.C. §1125 (c)**

58. Plaintiff incorporates all prior allegations as if set forth fully herein.

59. Plaintiff is the exclusive owner of the trademark rights herein.

60. Defendants' use of the Gucci Trademarks on the counterfeit goods they sell constitutes Defendants' commercial use in commerce of the Gucci Trademarks.

61. These marks have been used for several years and are so globally recognized and associated with Plaintiff that they are entitled to be recognized as famous and distinctive under 15 U.S.C. § 1125(c).

62. Plaintiff's Gucci Trademarks have come to have a secondary meaning indicative of origin, relationship, sponsorship and/or association with the Plaintiff and its distinctive reputation for high quality. The purchasing public is likely to attribute Defendants' use of the Gucci Trademarks to Plaintiff as a source of origin, authorization and/or sponsorship for the products Defendants sell and further, purchase Defendants' products in the erroneous belief that Defendants are associated with, sponsored by or affiliated with Plaintiff, when Defendants are not.

63. Plaintiff has not authorized or licensed the use of these Trademarks to Defendants.

64. Defendants' unauthorized use of the Gucci Trademarks in its marketing, sale and distribution of counterfeit products is diluting the distinctive quality of the Gucci Trademarks and the goodwill associated with them in violation of Section 43(c) of the Lanham Act, 15 U.S.C § 1125(c).

65. Such conduct has injured Plaintiff and said injury will continue unless the Court enjoins Defendants from committing further wrongful acts.

66. Upon information and belief, Defendants intentionally and willfully utilize Plaintiff's Gucci Trademarks and trade on Plaintiff's reputation and goodwill.

67. If such use on the part of the Defendants continues, Plaintiff will suffer irreparable harm of a continuing nature for which there is no adequate remedy at law.

68. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

### FIFTH CLAIM FOR RELIEF
### Unfair And Deceptive Business Practices
### Massachusetts Chapter 93A, Section 11

69.  Plaintiff incorporates all prior allegations as if set forth fully herein.

70.  Defendants' acts set forth above constitute unfair and deceptive business practices in violation of Gen. L. ch. 93A, §2 in that the actions are likely to cause confusion in the minds of the consuming public, will destroy the Plaintiff's goodwill, and will unjustly enrich the defendants at the expense of and to the detriment of the Plaintiff.

71.  Defendants' acts are knowing and willful violations of Gen. L. c. 93A, §§ 2 and 11.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

1.  That a preliminary and permanent injunction be issued enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

> A.  Using any reproduction, counterfeit, copy or colorable imitation of the Gucci Trademarks to identify any goods or the rendering of any services not authorized by Plaintiff;
>
> B.  Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's name and Plaintiff's Gucci Trademarks;
>
> C.  Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods as being those of Plaintiff or sponsored by or associated with Plaintiff and from offering such goods into commerce;

D. Further infringing Plaintiff's trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Gucci Trademarks;

E. Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored, approved by or connected with Plaintiff;

F. Making any statement or representation whatsoever, using any false designation of origin or false description or performing any act which can or is likely to lead the trade, public or individual members thereof, to believe that any products manufactured, distributed, sold or marketed by Defendants are in any manner associated or connected with Plaintiff, or sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

G. Causing an infringement of any of Plaintiff's Gucci Trademarks or of Plaintiff's rights therein, or causing any dilution of Plaintiff's name, reputation or goodwill;

H. Secreting, destroying, altering, removing or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising,

>
> promoting, renting or displaying of all unauthorized products which infringe the Gucci Trademarks;
>
> I. Effecting assignments or transfers, forming new entities, associations or websites, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (H), above.

2. Directing that Defendants deliver up for destruction to Plaintiff all unauthorized products and advertisements in their possession or under their control bearing any of Plaintiff's Gucci Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Plaintiff or related in any way to Plaintiff's products.

4. Requiring Defendants to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' infringement of Plaintiff's Registered Trademarks and Defendants' acts of unfair competition, and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Gucci Trademarks and that the award to Plaintiff be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117 (c) of up to $1,000,000 for each trademark per type of goods sold that Defendants have willfully counterfeited and infringed.

5. Ordering that Plaintiff recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

6. That Plaintiff be awarded treble damages and attorney's fees for Defendants' willful and knowing violations of Gen. L. ch. 93A, §2.

7. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

8. Awarding to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Plaintiff has incurred in connection with this action.

> GUCCI AMERICA, INC.
>
> By its Attorneys,
>
> BURNS & LEVINSON LLP
>
> By: *[signature]*
> Mark Schonfeld
> BBO No. 446980
> Burns & Levinson LLP
> 125 Summer Street
> Boston, MA 02110
> (617) 345-3000

Dated: February 6, 2004

00804062.DOC