UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GUCCI AMERICA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PURSEPERFECT.COM, ) <br> VALERIE K. OLSHEWSKY, ) <br> NADIA'S CLOSET, LTD., AND ) <br> VARIOUS JOHN DOES ) <br> ) <br> Defendants ) <br> ) | C.A. NO. 04-10261-REK |

### ANSWER OF DEFENDANTS PURSEPERFECT.COM, VALERIE K. OLSHEWSKY, AND NADIA'S CLOSET, LTD.

Defendants Purseperfect.com, Valerie K. Olshewsky, and Nadia's Closet, Ltd. (the "Defendants") hereby respond to the Complaint as follows:

### STATEMENT OF THE CASE

1. No substantive response is required to this paragraph.

### JURISDICTION AND VENUE

2. Admitted.

3. Denied. Defendants expressly reserve their right to challenge venue.

4. Denied. Defendants expressly reserve their right to deny that this court has personal jurisdiction over them should the discovery process support such a position.

## THE PARTIES

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and therefore deny same.

6. Admitted.

7. Admitted.

8. Admitted.

9. Defendants admit only that they sold a small number of the subject goods in this judicial district, including one sale that was made to lead counsel for the Plaintiff. Defendants deny the remaining averments of this paragraph.

10. No substantive response is required to this paragraph.

## PLAINTIFF'S TRADEMARKS

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

BOS1367658.1

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

### DEFENDANTS' ALLEGED INFRINGING ACTIVITIES

19. Defendants deny infringement of Plaintiff's trademark because there is no likelihood that any reasonable consumer could be confused by Defendants' activities.

20. Defendants admit only that they sold and/or promoted a small amount of merchandise bearing Plaintiff's trademark. Defendants deny the remaining averments made in this paragraph.

21. Defendants admit that they sold a small amount of the subject merchandise to buyers located within the Commonwealth of Massachusetts, including one sale made to lead counsel for Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments made in this paragraph, and therefore deny same.

22. Denied.

23. Denied.

### FIRST CLAIM FOR RELIEF
### Trademark Counterfeiting
### 15 U.S.C. § 1114

24. Defendants expressly incorporate each and every response set forth in the preceding paragraphs.

25. Defendants only admit that they sold a small number of products bearing the Plaintiff's trademark. Defendants state that they are without knowledge or information sufficient

to form a belief as to the truth of the remaining averments made in this paragraph, and therefore deny same.

26. Denied.

27. Defendants admit only that they sold a small number of products bearing the Plaintiff's trademark without the consent of Plaintiff. Defendants deny the remaining averments made in this paragraph.

28. Defendants state that this paragraph calls for a legal conclusion, and therefore deny same.

29. Denied.

30. Defendants state that this paragraph calls for a legal conclusion, and therefore deny same.

31. Denied.

32. Defendants state that the acts complained of have already ceased, and therefore deny the averments made in this paragraph.

### SECOND CLAIM FOR RELIEF
**Trademark Infringement**
**15 U.S.C. § 1114**

33. Defendants expressly incorporate each and every response set forth in the preceding paragraphs.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

-5-

37. Defendants state that this paragraph calls for a legal conclusion, and therefore deny same.

38. Defendants state only that they have sold a small number of products bearing Plaintiff's trademark without Plaintiff's consent or authorization. Defendants deny the remaining averments made in this paragraph.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Defendants state that this paragraph calls for a legal conclusion, and therefore deny same.

46. Denied.

47. Denied.

48. Denied.

### THIRD CLAIM FOR RELIEF
**False Designation of Origin, False Descriptions and Representations**
**15 U.S.C. § 1125(a)**

49. Defendants expressly incorporate each and every response set forth in the preceding paragraphs.

50. Denied.

51. Defendants state only that they have sold a small number of products bearing Plaintiff's trademark. Defendants deny the remaining averments made in this paragraph.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Defendants have already ceased the conduct complained of, and therefore deny the averments made in this paragraph.

57. Denied.

## FOURTH CLAIM FOR RELIEF
### Federal Trademark Dilution
### 15 U.S.C. § 1125(c)

58. Defendants expressly incorporate each and every response set forth in the preceding paragraphs.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

60. Defendants state that this paragraph calls for a legal conclusion, and therefore deny same.

61. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, and therefore deny same.

63. Admitted.

64. Denied.

65. Denied.

66. Denied.

BOS1367658.1

67. Denied.

68. Denied.

## FIFTH CLAIM FOR RELIEF
### Unfair and Deceptive Business Practice
### Massachusetts Chapter 93A, Section 11

69. Defendants expressly incorporate each and every response set forth in the preceding paragraphs.

70. Denied. Because the conduct complained of did not occur "primarily and substantially" in Massachusetts, the assertion of this claim is baseless.

71. Denied.

## AFFIRMATIVE DEFENSES

1. Venue is improper pursuant to 28 U.S.C. § 1391.

2. The Court cannot exercise personal jurisdiction over the Defendants.

3. The acts complained of did not occur "primarily and substantially" in Massachusetts, and therefore no claim can be made under Mass. Gen. L. ch. 93A.

### Additional Defenses

Defendants reserve the right to assert additional defenses which may become appropriate during discovery in this action.

## JURY DEMAND

Defendants request a trial by jury on all issues so triable under jury demand.

-8-

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court:

1. Dismiss this action in its entirety and render judgment in Defendants' favor on each and every count asserted in the Complaint;

2. Award Defendants their costs and reasonable attorneys' fees incurred in defending this action;

3. Award Defendants such further and additional relief as the court deems just and appropriate.

> PURSEPERFECT.COM,
> VALERIE K. OLSHEWSKY,
> NADIA'S CLOSET, LTD.
>
> By its attorneys,
>
> _____
> Jason C. Kravitz (BBO # 565904)
> Leigh-Ann Patterson (BBO # 561901)
> NIXON PEABODY LLP
> 101 Federal Street
> Boston, MA 02110
> Telephone: (617) 345-1318

Dated: March 31, 2004

### Certificate of Service

The undersigned certifies that a true and accurate copy of the within documents was served upon counsel for Plaintiff, by hand, on March 31, 2004.

_____
Jason C. Kravitz

BOS1367658.1